UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

STEVEN S. GOLD
And All Others Similarly
Situated,

     Plaintiffs

   v.

DANIELS LAW OFFICES, P.C. and
HOUSEHOLD BANK (SB), N.A.,

     Defendants

Civil Action No.

04 12409 NG

**COMPLAINT AND DEMAND
FOR JURY TRIAL**

MAGISTRATE JUDGE

RECEIPT # _____
AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**INTRODUCTION**

1. Plaintiff, STEVEN S. GOLD, an aggrieved consumer (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated who reside in the Commonwealth of Massachusetts (hereinafter collectively referred to as "Plaintiffs"), seek damages for the Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et seq. (hereinafter "FDCPA"), the Massachusetts Statute Regulating Debt Collection Activities, M.G.L. c.93 §49 (hereinafter "Massachusetts Debt Collection Act"), and the Massachusetts Consumer Protection Act, M.G.L. c.93A §§1-11 (hereinafter "Consumer Protection Act"). The FDCPA and the Massachusetts Debt Collection Act prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION

2.   This Court's jurisdiction arises under 15 U.S.C.
§1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists
pursuant to 28 U.S.C. §1367 for the claims under the
Massachusetts Debt Collection Act and the Consumer Protection
Act.   Declaratory relief is available pursuant to 28 U.S.C.
§§2201 and 2202.  Venue in this District is proper in that the
Defendants transact business here, and the conduct complained of
occurred here.

## PARTIES

3.   Plaintiff, STEVEN S. GOLD, is an individual consumer
who resides at 354 Commonwealth Avenue, Boston, Massachusetts.

4.   Defendant, DANIELS LAW OFFICES, P.C. (hereinafter
"Daniels" or "Defendant"), is a professional corporation
organized under applicable law with its principal place of
business located at One Center Plaza, Boston, Massachusetts.  To
the best of Plaintiff's knowledge and belief, a significant
portion of Daniels' business involves the collection of debts
using the mails, telephone, and legal process.

5.   Defendant, HOUSEHOLD BANK (SB), N.A. (hereinafter
"Household" or "Defendant"), is a national association organized
under applicable law, with an office located in Las Vegas,
Nevada.   To the best of Plaintiff's knowledge and belief,
Household regularly extends unsecured credit to Massachusetts
consumers.

## FACTUAL ALLEGATIONS

2

6.  On or about October 27, 1993, Plaintiff and Household entered into a contract granting Plaintiff access to an unsecured, revolving line of credit in connection with a General Motors branded Visa account (the "G.M. Account").  In return, Plaintiff promised to make monthly payments of principal and accrued interest.

7.  Between 1993 and 2002, Plaintiff experienced a number of financial and personal setbacks, including sustained periods of unemployment and a serious automobile accident.  These events created significant financial problems.  He could not pay his bills as they became due.

8.  On or about November 8, 2002, Plaintiff received, via first class mail, written notice from Household indicating that payment was overdue on the G.M. Account, and a minimum payment of $295.00 was required to return the account to active status.

9.  On December 10, 2002, Plaintiff retained the services of PHILIP J. HENDEL, of Hendel & Collins, P.C. (hereinafter "Hendel"), to represent Plaintiff in connection with his inability to make pay his creditors as payments became due.

10.  On December 11, 2002, Hendel wrote a letter to Household with respect to the G.M. Account.  The letter stated that Plaintiff had retained Hendel to represent him, and, pursuant to the Massachusetts Consumer Protection Act, M.G.L. c.93A, Household should not contact Plaintiff directly, whether by telephone or mail.  The letter further instructed Household to direct all future communications concerning the claim to the attention of Hendel, who, as Plaintiff's counsel, would handle Plaintiff's financial affairs from that date forward.

11.   Hendel's December 11, 2002 letter also informed
Household that: Plaintiff had been involved in an auto accident;
he had incurred large, uninsured medical costs; he had
experienced long periods of unemployment; and he had no
attachable assets.

12.   Upon information and belief, shortly after receiving
Hendel's December 11, 2003 letter, Household assigned the G.M.
Account to Daniels for collection.

13.   Upon information and belief, when Household
transferred Plaintiff's account to Daniels for collection,
Household did not inform Daniels that Plaintiff was represented
by legal counsel in connection with the debt assigned for
collection.   Plaintiff believes this failure to inform is
Household's general policy and practice when assigning allegedly
delinquent accounts for collection.

14.   Upon information and belief, when Daniels took the
G.M. Account for collection from Household, Daniels did not ask
if Plaintiff was represented by an attorney regarding the
account.   Plaintiff believes this failure to inquire is Daniels'
general policy and practice when accepting accounts for
collection.

15.   Upon information and belief, procedures exist in the
Defendants' industry to ensure that when an account is assigned
for collection, important debtor information, e.g., whether a
debtor is represented, accompanies the debtor's account
information.

16.   When creditors and their debt collectors do not share
key facts regarding a debtor, they have an unfair competitive

4

advantage.  The debt collector can claim it did not know the debtor was represented by counsel, the debt collector did not know the debtor asked not to be contacted at work, the debt collector did not know the debtor had requested not to be contacted at all regarding collection of a debt.  This conscious ignorance permits creditors and their debt collectors to circumvent laws and debtor protections to the detriment of other creditors and their debt collectors who do share key debtor information so as to abide by the law and the protections it creates for consumer debtors.

17.   In addition to creating an unlevel playing field and an unfair competitive advantage, a creditor's failure to share with its debt collector key debtor information undermines the protections provided by federal and state law to consumer debtors.  A creditor's failure to communicate key debtor information with its debt collector permits the debt collector to violate these consumer protection laws with impunity.  The debt collector can cloak itself in a mantle of ignorance.  It allows both the creditor and the debt collector to circumvent laws designed to protect consumer debtors.  This constitutes an unfair trade practice.

18.   On or about January 9, 2003, Daniels sent Plaintiff a letter demanding payment on the G.M. Account in the amount of $8,688.45, representing $7,555.20 in principal and interest, and $1,133.28 in "attorney's fees."  A copy of the January 9 letter is attached as Exhibit "A."

19.   The statutory notices and consumer validation rights disclosure were printed at the bottom of the January 9 letter. The text has the appearance of a mere footnote to the message in the body of the letter: it is printed in a different, more

5

compact font, and it appears to be at least 5 font sizes smaller than the text constituting the body of the letter.

20.  Accordingly, the January 9 letter failed to meaningfully convey to the debtor the rights available to him under applicable state and federal law.

21.  The letter was written on law firm letterhead. The space for a signature above "Daniels Law Offices, P.C." was left blank.  Upon information and belief, no attorney reviewed the letter prior to sending it.  Plaintiff believes this is Daniels' standard practice.

22.  On or about January 16, 2003, Daniels sent Plaintiff another letter, again demanding payment on the G.M. Account. Although the letter stated "you still have the remainder of the rights we enumerated in our earlier letter," it did not describe Plaintiff's rights, identify them, restate them or explain them. Defendant's January 16 letter was confusing.  Accordingly, Plaintiff did not know what rights he purportedly retained.  A copy of the January 16 letter is attached hereto as Exhibit "B".

23.  Upon information and belief, Daniels' form collection letters, of the type substantially similar to the January 16 letter, are generated automatically according to a predetermined timetable by electronic and/or mechanical processes in Defendant's office, provided that some interceding event, such as payment, does not interrupt the process.  Accordingly, the Plaintiff believes Daniels sent, and continues to send to Massachusetts residents, letters substantially similar to the January 16 letter approximately one week after Daniels' initial written contact with them.

6

24. On January 28, 2003, Hendel sent Daniels a letter notifying Daniels that he, Hendel, represented Plaintiff in connection with the G.M. Account, and Daniels should direct all future communications to him. A copy of the January 28 letter is attached as Exhibit "C."

25. On or about January 29, 2003, Daniels sent another letter directly to Plaintiff demanding payment on the G.M. Account, and stating "[u]nless you contact this office within the next ten (10) days we intend to pursue any and all lawful remedies available to protect the interests of our client." Plaintiff received Daniels' initial communication, the January 9 letter, at the very earliest, on January 11. Accordingly, the 10-day response period Daniels gave to Plaintiff in the January 29 letter fell entirely within the Plaintiff's statutory 30-day validation period. Thus, it materially overshadowed the same and caused the Plaintiff to be confused about his rights. A copy of Daniels' January 29 letter is attached hereto as Exhibit "D".

26. The ordinary consumer would understand "[u]nless you contact this office within the next ten (10) days we intend to pursue any and all lawful remedies available to protect the interests of our client" to mean the consumer could only avoid a lawsuit or other trouble if he or she paid or arranged for payment within ten days. The ordinary consumer would understand that the other shoe could drop on day 11. This 10-day, Daniels-created deadline, which began and ended entirely within Plaintiff's 30-day validation period, vitiated Plaintiff's rights under the FDCPA and state law. It overshadowed Plaintiff's rights by unilaterally shortening Plaintiff's statutory 30-day period to demand verification of the debt.

27.   The letter was written on law firm letterhead. The
space for a signature above "Daniels Law Offices, P.C." was left
blank.   Upon information and belief, no attorney reviewed the
letter prior to sending it.   Plaintiff believes this is Daniels'
standard practice.

28.   Upon information and belief, Daniels' form collection
letters resemble Daniels' January 29 letter to Plaintiff.
Plaintiff believes some electronic or other mechanical process
in Daniels' office generates such letters automatically
according to a predetermined timetable unless an event, like
payment, interrupts the process.   Plaintiff believes Daniels
sent, and continues to send Massachusetts residents, letters
substantially similar to the January 29 letter approximately
three weeks after Daniels' initial written contact with them.

29.   On or about February 27, 2003, Plaintiff received
process indicating Defendant had filed a complaint against him,
regarding the G.M. Account, in Boston Municipal Court
Department, Civil Business Division (the "Boston Municipal
Court").

30.   On or about April 24, 2003, Daniels requested a
Default Judgment in the Boston Municipal Court case.   Daniels
further requested automatic issuance of an execution.

31.   On August 11, 2003, Hendel sent Daniels a letter,
explaining, once again, the circumstances that made it
impossible for Plaintiff to pay his creditors.   Hendel offered
to settle the judgment entered against Plaintiff for the sum of
$1,000.00.   Hendel once again reminded Daniels to direct any and
all communications regarding the G.M. Account to Hendel.   A copy
of the August 11 letter is attached as Exhibit "E."

8

32.   On or about August 25, 2003, Plaintiff received a copy
of Summons to Judgment Debtor for Examination from Boston
Municipal Court.  The supplementary process hearing was
scheduled for September 10, 2003.

33.   On August 28, 2003, Hendel had a telephone
conversation with Daniels' representative.  In that
conversation, Hendel again offered to settle the judgment issued
against Plaintiff for the sum of $1,000.00.  Daniels'
representative rejected the offer.

34.   On September 19, 2003, Hendel sent Daniels a letter
with Plaintiff's Affidavit sworn under the pains and penalties
of perjury, demonstrating that Plaintiff's day-to-day living
expenses greatly exceeded his unemployment compensation income.
Despite Plaintiff's inability to pay anything, Hendel's letter
included an offer to settle the judgment for $1,500.00.
Hendel's letter explained that Plaintiff's father had agreed to
provide this money subject to the conditions of the proposed
settlement.  Hendel's letter reminded Daniels yet again to
direct all communications regarding the G.M. Account to Hendel.
A copy of the September 19 letter is attached as Exhibit "F."

35.   On or about November 15, 2003, Daniels sent a letter
threatening to arrest Plaintiff on the basis of a Writ of Capias
issued by the Court.  Daniels sent the letter to Plaintiff
rather than Hendel.  A copy of the November 15 letter is
attached as Exhibit "G."

36.   Daniels' direct contact with Plaintiff was unethical.
The Massachusetts Rules of Professional Conduct prohibit an
attorney from contacting a defendant in an adversary matter

outside the presence of the defendant's known and responsive counsel.

37. Daniels' November 15 letter referred to Plaintiff's default on a Summons to appear at Court, and stated, unequivocally: "Unless I hear from you at once, I shall be obliged to have you arrested and brought before the court."

38. Daniels' November 15 letter is unsigned. It is written in the first person singular. It appears to be from Attorney Richard S. Daniels, Jr., or another attorney in Daniels' office.

39. The unsophisticated debtor could reasonably interpret the November 15 letter to threaten: "If you do not contact us, we will have no choice but to have you arrested and jailed for failing to pay your debts."

40. The fact that the November 15 letter was from an attorney lends credibility to the threat contained therein.

41. Plaintiff believes that Daniels' representation of its obligation to arrest the Plaintiff was, as a practical matter, false. Upon information and belief, neither Attorney Daniels, nor any other attorney at Daniels' office was required or obligated in any way to arrest Plaintiff in the event that he did not respond to Daniels' letter.

42. Any consumer in receipt of such a letter could reasonably be led to believe that the letter threatened or implied that nonpayment of the alleged debt would result in arrest or imprisonment.

10

43.   The Plaintiff believes that Daniels would rarely, if ever, initiate the physical arrest of an individual consumer judgment debtor under a judgment of less than $10,000.00 in favor of an unsecured creditor, inclusive of costs and expenses.

44.   Accordingly, Plaintiff believes that Daniels' November 15 letter represents both a material misrepresentation of the judicial process, and a threat to take action it does not actually intend to take.

45.   Plaintiff believes that Daniels has sent similar letters to Massachusetts judgment debtors without performing a meaningful review of each debtor's file. Had Daniels conducted such a review in Plaintiff's case, for example, Daniels would have known that it had a duty to contact Hendel concerning the threat of Plaintiff's arrest.

46.   On November 26, 2003, Hendel sent Daniels a demand letter.   It alleged several violations of M.G.L. c.93A in connection with the G.M. Account: Daniels' direct communications with Plaintiff on two occasions, despite Hendel's multiple letters notifying Daniels that Hendel represented Plaintiff; and Daniels' misleading and deceptive letter of November 15. A copy of Hendel's November 26 letter is attached as Exhibit "H."

47.   Daniels' response dated December 23, 2003 denied that the November 15 letter violates applicable law. A copy of the December 23 letter is attached as Exhibit "I."

48.   Upon information and belief, Defendants' violations, to the extent such violations were unintentional, would not have occurred had they put into place adequate procedures to ensure compliance with the FDCPA and state consumer protection laws.

11

49. As to certain counts stated below, Plaintiffs have standing to bring a class action against Defendants pursuant to Federal Rule of Civil Procedure 23 for the following reasons:

(a) The class of potential plaintiffs is so numerous that joinder of all members is impracticable;

(b) The claim involves questions of law or fact common to the class;

(c) Plaintiff's claim is typical of the claims of the class;

(d) Plaintiff will fairly and adequately protect the interest of the class;

(e) On this issue, questions of law and fact common to the members of the class predominate over questions affecting only individual members; and

(f) A class action is superior to other methods for the fair and efficient adjudication of the controversy.

## COUNT I - UNFAIR AND DECEPTIVE ACTS AND PRACTICES
### [Plaintiffs v. Household]

45. Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 44 above with the same force and effect as if fully set forth herein.

46. Household (hereinafter referred to in this Count I as "Defendant") violated the Massachusetts Consumer Protection Act.

12

47.  At all relevant times, the Defendant has been engaged in the conduct of trade or commerce.

48.  Defendant's actions as described herein constitute unfair and deceptive practices as defined in M.G.L. c.93A §2.

49.  When transmitting or delivering an allegedly delinquent debtor's account information to a debt collector, Defendant has a duty to transmit together therewith information as to whether or not such debtor was represented by counsel in connection with the alleged debt, and the existence of any other relevant legal rights that have been invoked by an affirmative act of the debtor or debtor's counsel concerning the alleged debt (hereinafter the "Supplementary Account Information").

50.  Upon information and belief, Defendant failed to transmit Plaintiff's Supplementary Account Information to Daniels, and it is Defendant's practice to omit Supplementary Account Information whenever it transmits debtors' allegedly delinquent accounts to debt collectors.

51.  It is not impractical or oppressive to require Defendant to transmit or forward Supplementary Account Information to its collectors together with delinquent accounts, and effective procedures are available in Defendant's industry to ensure that Supplementary Account Information is transmitted to collectors.

52.  By failing to transmit or forward Supplementary Account Information to its third-party debt collectors, Defendant has gained a competitive advantage in the marketplace

13

over similarly situated creditors that comply with the
requirement.

53. Defendant's unfair practice of not transmitting
Supplementary Account Information has harmed numerous debtors in
the Commonwealth of Massachusetts.

54. As a result of the above-described violations of the
Massachusetts Consumer Protection Act, Defendant is liable to
the Plaintiffs in the sum of Plaintiffs' actual and statutory
damages, and attorney's fees and costs.

## COUNT II - UNFAIR AND DECEPTIVE ACTS AND PRACTICES
## [Plaintiff v. Daniels]

55. Plaintiff repeats, realleges and incorporates by
reference Paragraphs 1 through 54 above with the same force and
effect as if fully set forth herein.

56. Daniels (hereinafter in this Count III referred to as
"Defendant") violated the FDCPA. Defendant's violations
include, but are not limited to, the following:

(a) Defendant violated 15 U.S.C. $1692c(a)(2) by
contacting Plaintiff after it knew or should have known that
Plaintiff was represented by counsel.

(b) Defendant violated 15 U.S.C. $1692d by engaging in
conduct the natural consequence of which was to harass, oppress
and abuse Plaintiff. Such conduct includes, but is not limited
to, the November 15 letter which materially misrepresented the
nature and magnitude of the judicial processes available to the
collector, and caused the Plaintiff undue stress, anxiety and

14

fear of government sanction. In particular, the stand-alone paragraph in the November 15 letter, which reads in its entirety: "Unless I hear from you at once, I shall be obliged to have you arrested and brought before the Court", improperly and inaccurately conveys the message that the writer, an attorney at Daniels Law Offices, P.C., will have no choice under the law but to arrest Plaintiff if he failed to immediately contact the attorney. The instruction to contact the collection attorneys at once (in order to avoid a parade of horribles) may be reasonably perceived as a demand for immediate payment. This representation was designed to put the debtor in immediate fear that he would be arrested if he failed to pay Defendant "at once." Such a representation when, as here, inaccurate and deceptive, constitutes harassment.

(c) Defendant violated 15 U.S.C. §§1692e and 1692f by falsely representing in the November 15 letter that it directly controls the Plaintiff's liberty. Defendant's message to the consumer was clear: pay immediately or be arrested. This is a mischaracterization of the legal process available to the Defendant, and accordingly is misleading, unfair, and deceptive. Particularly when, as in the instant case, communicating with a debtor outside the presence of counsel, if a creditor raises the specter of the Court's power to arrest, such creditor has a duty, at minimum, to describe in plain terms the legal remedy it purports to seek.

(d) Defendant violated 15 U.S.C. §1692e(5) by threatening to take action that Defendant did not intend to take. In particular, and without limitation, Defendant stated in the November 15 letter that it was "obliged" to have the Plaintiff arrested, when Defendant was not obliged to have Plaintiff

15

arrested, nor, Plaintiff believes, did it have a practice of doing the same with similarly situated debtors.

(e)   Defendant violated 15 U.S.C. §1692e(10) with regard to the November 15 letter, which purported to be from an attorney at Daniels Law Offices.  The language of the letter falsely represents to the consumer that an attorney performed a meaningful review of the case.  The letter itself suggests otherwise, as it is plainly a form letter, addressed to "Sir/Madam", is unsigned by the office, yet it is written in the first person singular.  Additionally, the letter was sent to a debtor known to be represented by counsel.

(f)   Defendant violated 15 U.S.C. §1692(g) by sending the January 9 letter, which as a result of the concealing and distracting characteristics of the inconspicuous validation text, failed to meaningfully convey to the Debtor notice of his statutory rights.

(g)   Defendant also violated 15 U.S.C. §1692g by sending the January 16 letter and the January 29 letter.  By threatening or implying that it would take some undefined negative action within the statutory 30-day validation period if the Plaintiff failed to contact Defendant, the content of the letters materially overshadowed any notice previously given regarding the validation period relative to the G.M. Account.  The debt collector's act of creating an artificial deadline that expires within the alleged debtor's statutory 30-day validation period, and threatens a negative consequence for failing to act:   (1) confuses the debtor as to his or her rights; and (2) artificially shortens the validation period.

16

57.   As a result of the above-described FDCPA violations, Defendant is liable to Plaintiff in the sum of Plaintiff's actual damages, statutory damages, and costs and attorneys fees.

## COUNT III - UNFAIR AND DECEPTIVE ACTS AND PRACTICES
### [Plaintiffs v. Daniels]

58.   Plaintiffs repeat, reallege and incorporate by reference Paragraphs 1 through 57 above with the same force and effect as if fully set forth herein.

59.   Daniels (hereinafter in this Count III "Defendant") violated the FDCPA.

60.   Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692e(3) and (9), by sending mass-produced, computer-generated collection letters to numerous judgment debtors in the Commonwealth of Massachusetts.   The letter in question, substantially similar to the November 15 letter attached hereto, falsely represents to the consumer that an attorney performed a meaningful review of the case.   The letter itself suggests otherwise, as it is plainly a form letter, and is addressed to "Sir/Madam", is unsigned by the office, yet it is written in the first person singular, and is compelling evidence that no attorney performed a meaningful review of the letter as required by the FDCPA.

61.   Defendant did not exercise the professional judgment necessary to comply with the FDCPA's requirements that communications actually be "from" an attorney.

62.   The Defendant violated 15 U.S.C. §1692d by engaging in conduct the natural consequence of which was to harass, oppress

17

and abuse Plaintiffs.  Such conduct includes, but is not limited
to, the sending of demands for payment, similar to the November
15 letter, which materially misrepresented the nature and
magnitude of the judicial processes available to Defendant. The
letter was apparently designed to cause the Plaintiffs undue
stress, anxiety and fear of government sanction, and evoke the
prompt decision to pay in order to avoid a potentially
humiliating physical arrest.  In particular, the stand-alone
paragraph in the November 15 letter, which reads in its
entirety: "Unless I hear from you at once, I shall be obliged to
have you arrested and brought before the Court" improperly and
inaccurately conveys the message that the writer, an attorney at
Daniels Law Offices, P.C., is under some sort of legal
obligation to have the debtor arrested if the debtor fails to
immediately contact the attorney.  Plaintiffs believe that this
representation was designed to put the reader in immediate fear
that he or she would be arrested for failing to contact
Defendant "at once."

63.   Defendant violated 15 U.S.C. §§1692e and 1692f by
utilization of the false representation or suggestion in the
November 15 letter that the creditor directly controls the
debtor's liberty.  The message to the consumer was clear: pay
immediately or be arrested.  This is a mischaracterization of
the legal process available to the Defendant, and accordingly is
misleading, unfair, and deceptive.  Particularly when
communicating with a debtor outside the presence of counsel, if
a creditor raises the specter of the Court's power to arrest,
such creditor has a duty, at minimum, to describe in plain terms
the legal remedy it purports to seek.

64.   Defendant violated 15 U.S.C. §1692g by sending letters
similar to the January 16 letter and the January 29 letter,
according to a similar timetable relative to a particular

18

plaintiff's account. The Defendant's act of creating an artificial deadline that expires within the alleged debtor's statutory 30-day validation period, and threatening a negative consequence for failing to act: (1) causes the debtor to be confused as to his or her rights; and (2) artificially shortens the validation period. Defendant also violated §1692g by sending letters similar to the January 9 letter which, as a result of the concealing and distracting characteristics of the inconspicuous validation text, failed to meaningfully convey to the Debtor important statutory rights

65. As a result of the above-described frequent, intentional, and persistent FDCPA violations, Defendant is liable to Plaintiffs for statutory damages, costs and attorneys' fees. Additionally, Plaintiffs request that this Court require Defendant to cease and desist from using the illegal collection tactics described in this Complaint.

## COUNT IV - VIOLATION OF M.G.L. c.93A
### [Plaintiffs v. Daniels]

66. Plaintiffs repeat, reallege and incorporate by reference Paragraphs 1 through 65 above with the same force and effect as if fully set forth herein.

67. Daniels (hereinafter in this Count IV "Defendant") violated the Massachusetts Consumer Protection Act.

68. At all relevant times, Defendant has been engaged in the conduct of trade or commerce.

69. Defendant's violations of law alleged in Counts III and IV *supra* constitute unfair and deceptive practices as defined in M.G.L. c.93A §2.

19

70.   As a result of the above-described violations of the Massachusetts Consumer Protection Act, Defendant is liable to the Plaintiffs in the sum of Plaintiffs' damages, and attorney's fees and costs.

## COUNT V - VIOLATION OF M.G.L. c.93 §49
### [Plaintiff v. Daniels]

71.   Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 70 above with the same force and effect as if fully set forth herein.

72.   Daniels ("Defendant") violated the Massachusetts Debt Collection Act and Debt Collection Regulations by collecting or attempting to collect the debt in an unfair, deceptive or unreasonable manner.   Without limiting the generality of the preceding sentence, Defendant violated M.G.L. c.93 §49(b) by communicating directly with Plaintiff, via a letter postmarked November 15, 2003, after repeated notification from Hendel & Collins, P.C., that Plaintiff was represented by counsel, and that all communications concerning the debt should be addressed to counsel.

73.   As a result of the above-described violations of the Massachusetts Debt Collection Act and Debt Collection Regulations, Defendant is liable to Plaintiff in the sum of Plaintiff's damages and attorney's fees and costs.

## COUNT VI - VIOLATION OF M.G.L. c.93A -
## UNFAIR AND DECEPTIVE TRADE PRACTICES
### [Plaintiff v. Daniels]

74.   Plaintiff repeats, realleges and incorporates by reference Paragraphs 1 through 82 above with the same force and effect as if fully set forth herein.

75.   The Defendant's actions as described herein constitute unfair and deceptive practices. Such unfair and deceptive practices include, but are not limited to, the following:

(a)   The Defendant acted unfairly and deceptively by contacting Plaintiff after it was informed that Plaintiff was represented by counsel.

(b)   Defendant acted unfairly and deceptively by sending the mass-produced computer generated collection letters to numerous judgment debtors in the Commonwealth of Massachusetts. The letters are false and misleading as to their source, authorization or approval because, without limitation, they were not "from" an attorney in any meaningful sense of the word.

76.   Additionally, pursuant to the Massachusetts Debt Collection Act, Defendant's violations of M.G.L. c.93 §49 constitute unfair and deceptive acts and practices.

77.   Additionally, Defendant harassed Plaintiff, and engaged in abusive behavior in its efforts to collect a debt. As a result, Plaintiff suffered significant emotional harm.

78.   The Defendant's actions as described herein were willful and knowing.

79.   Accordingly, Plaintiff is entitled to actual and multiple damages in addition to reimbursement of attorneys' fees and costs.

21

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants as follows:

(1)   Declaratory judgment that Daniels' conduct violated the FDCPA;

(2)   Declaratory judgment that Household's conduct violated the Massachusetts Consumer Protection Act;

(3)   Actual damages;

(4)   Exemplary damages;

(5)   Statutory damages pursuant to 15 U.S.C. §1692k;

(6)   Multiple damages pursuant to M.G.L. c.93 §49 and M.G.L. c.93A §9;

(7)   Costs and reasonable attorneys fees pursuant to 15 U.S.C. §1692k, M.G.L. c.93 §49 and M.G.L. c.93A §9; and

(8)   For such other and further relief as may be just and proper.

Respectfully submitted,

STEVEN S. GOLD

Dated: **November 12** 2004

By: _____
PHILIP J. HENDEL, ESQ.
(BBO# 230080)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA  01103
Tel. (413) 734-6411

22

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Respectfully submitted,

STEVEN S. GOLD

Dated: **November 12**, 2004

By: _Stephen F. ___ by Todd Gordon w/ permission_
STEPHEN F. GORDON, ESQ.
(BBO# 203600)
For GORDON HALEY, LLP
101 Federal Street
Boston, MA 02110-1844
Tel. (617) 261-0100

By: _____
PHILIP J. HENDEL, ESQ.
(BBO# 230080)
For HENDEL & COLLINS, P.C.
101 State Street
Springfield, MA  01103
Tel. (413) 734-6411

## VERIFICATION

I hereby certify that the facts contained in the foregoing Complaint are true and correct to the best of my knowledge, information and belief.

_____
STEVEN S. GOLD

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

1.   Title of case (name of first party on each side only) **Steven S. Gold v. Daniels Law Offices, P.C. et al**

_____

2.   Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet.  (See

   local rule 40.1(a)(1)).

   [ ]    I.      160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   [X]    II.     195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,          *Also complete AO 120 or AO 121
                  740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.            for patent, trademark or copyright cases

   [ ]    III.    110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
                  315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
                  380, 385, 450, 891.

   [ ]    IV.     220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
                  690, 810, 861-865, 870, 871, 875, 900.

   [ ]    V.      150, 152, 153.

3.   Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in
   this district please indicate the title and number of the first filed case in this court.

   _____

4.   Has a prior action between the same parties and based on the same claim ever been filed in this court?

                                                     YES [ ]      NO [X]

5.   Does the complaint in this case question the constitutionality of an act of congress affecting the public interest?   (See
   28 USC §2403)

                                                     YES [ ]      NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?

                                                     YES [ ]      NO [X]

6.   Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?

                                                     YES [ ]      NO [X]

7.   Do **all** of the parties  in this action, excluding governmental agencies of the united states and the Commonwealth of
   Massachusetts ("governmental agencies"),  residing in Massachusetts reside in the same division? - (See Local Rule
   40.1(d)).

                                                     YES [X]      NO [ ]

        A.   If yes, in which division do **all** of the non-governmental parties reside?

             Eastern Division  [X]        Central Division  [ ]        Western Division  [ ]

        B.   If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental
             agencies,  residing in Massachusetts reside?

             Eastern Division  [ ]        Central Division  [ ]        Western Division  [ ]

8.   If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If
   yes, submit a separate sheet identifying the motions)

                                                     YES [ ]      NO [ ]

(PLEASE TYPE OR PRINT)

ATTORNEY'S NAME    **Todd Gordon**

ADDRESS    **Gordon Haley LLP, 101 Federal Street, Boston, MA  02110**

TELEPHONE NO.    **(617) 261-0100**

℀JS 44  (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Steven S. Gold and All Others Similarly Situated | Daniels Law Offices, P.C. and Household Bank (SB), N.A. |

| (b) County of Residence of First Listed Plaintiff  **Suffolk County, MA** (EXCEPT IN U.S. PLAINTIFF CASES) | County of Residence of First Listed _____ (IN U.S. PLAINTIFF CASES ONLY) NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED. |

| (c) Attorney's (Firm Name, Address, and Telephone Number) | Attorneys (If Known) |
|---|---|
| Todd Gordon Gordon Haley LLP, 101 Federal St., Boston, MA (617) 261-0100                                  02110 | unknown |

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

☐ 1  U.S. Government         ☒ 3  Federal Question
       Plaintiff                          (U.S. Government Not a Party)

☐ 2  U.S. Government         ☐ 4  Diversity
       Defendant                        (Indicate Citizenship of Parties
                                               in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PLF | DEF |  | PLF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance ☐ 120 Marine ☐ 130 Miller Act ☐ 140 Negotiable Instrument ☐ 150 Recovery of Overpayment     & Enforcement of     Judgment ☐ 151 Medicare Act ☐ 152 Recovery of Defaulted     Student Loans     (Excl. Veterans) ☐ 153 Recovery of Overpayment     of Veteran's Benefits ☐ 160 Stockholders' Suits ☐ 190 Other Contract ☐ 195 Contract Product Liability | **PERSONAL INJURY** ☐ 310 Airplane ☐ 315 Airplane Product     Liability ☐ 320 Assault, Libel &     Slander ☐ 330 Federal Employers'     Liability ☐ 340 Marine ☐ 345 Marine Product     Liability ☐ 350 Motor Vehicle ☐ 355 Motor Vehicle     Product Liability ☐ 360 Other Personal Injury | **PERSONAL INJURY** ☐ 362 Personal Injury —     Med. Malpractice ☐ 365 Personal Injury —     Product Liability ☐ 368 Asbestos Personal     Injury Product     Liability **PERSONAL PROPERTY** ☐ 370 Other Fraud ☐ 371 Truth in Lending ☐ 380 Other Personal     Property Damage ☐ 385 Property Damage     Product Liability | ☐ 610 Agriculture ☐ 620 Other Food & Drug ☐ 625 Drug Related Seizure     of Property 21 USC 881 ☐ 630 Liquor Laws ☐ 640 R.R. & Truck ☐ 650 Airline Regs. ☐ 660 Occupational     Safety/Health ☐ 690 Other **LABOR** ☐ 710 Fair Labor Standards     Act ☐ 720 Labor/Mgmt. Relations ☐ 730 Labor/Mgmt.Reporting     & Disclosure Act ☐ 740 Railway Labor Act ☐ 790 Other Labor Litigation ☐ 791 Empl. Ret. Inc.     Security Act | ☐ 422 Appeal 28 USC 158 ☐ 423 Withdrawal     28 USC 157 **PROPERTY RIGHTS** ☐ 820 Copyrights ☐ 830 Patent ☐ 840 Trademark **SOCIAL SECURITY** ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) ☐ 863 DIWC/DIWW (405(g)) ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) **FEDERAL TAX SUITS** ☐ 870 Taxes (U.S. Plaintiff     or Defendant) ☐ 871 IRS — Third Party     26 USC 7609 | ☐ 400 State Reapportionment ☐ 410 Antitrust ☐ 430 Banks and Banking ☐ 450 Commerce/ICC Rates/etc. ☐ 460 Deportation ☐ 470 Racketeer Influenced and     Corrupt Organizations ☐ 810 Selective Service ☐ 850 Securities/Commodities/     Exchange ☐ 875 Customer Challenge     12 USC 3410 ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act ☐ 893 Environmental Matters ☐ 894 Energy Allocation Act ☐ 895 Freedom of     Information Act ☐ 900 Appeal of Fee     Determination Under     Equal Access to     Justice ☐ 950 Constitutionality of     State Statutes ☒ 890 Other Statutory Actions |
| **REAL PROPERTY** ☐ 210 Land Condemnation ☐ 220 Foreclosure ☐ 230 Rent Lease & Ejectment ☐ 240 Torts to Land ☐ 245 Tort Product Liability ☐ 290 All Other Real Property | **CIVIL RIGHTS** ☐ 441 Voting ☐ 442 Employment ☐ 443 Housing/     Accommodation ☐ 444 Welfare ☐ 440 Other Civil Rights | **PRISONER PETITIONS** ☐ 510 Motions to Vacate     Sentence     Habeas Corpus: ☐ 530 General ☐ 535 Death Penalty ☐ 540 Mandamus & Other ☐ 550 Civil Rights ☐ 555 Prison Condition | | | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original          ☐ 2 Removed from          ☐ 3 Remanded from          ☐ 4 Reinstated or  ☐ 5 Transferred from          ☐ 6 Multidistrict          ☐ 7 Appeal to
        Proceeding              State Court                     Appellate Court                    Reopened          another district                  Litigation                District Judge from
                                                                                                                                        (specify)                                                              Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692

## VII. REQUESTED IN
COMPLAINT:

☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ **$500,000**

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes   ☐ No

## VIII. RELATED CASE(S)
IF ANY

(See instructions):  JUDGE _____          DOCKET NUMBER _____

DATE
**November 12, 2004**

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____