UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Civil Action No: 04-12409 NG

```
_____
Steven S. Gold                      )
and all others similarly situated,  )
        Plaintiffs,                 )
                                    )
v.                                  )
                                    )
DANIELS LAW OFFICES, P.C. and       )
HOUSEHOLD BANK (SB), N.A.,          )
        Defendants.                 )
_____)
```

**DEFENDANT, DANIELS LAW OFFICES, P.C., MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY CLAIMS IN FAVOR OF ARBITRATION**

The defendant, Daniels Law Offices, P.C. ("Daniels"), seeks an order staying all of the plaintiff's claims against Daniels and requiring the plaintiff to proceed by arbitration instead of litigation. Daniels adopts and incorporates the motion to stay claims in favor of arbitration and memorandum filed by the co-defendant, Household Bank (SB), N.A ("Household"). If the claims against Household are stayed in favor of arbitration, those asserted against Daniels must also be stayed in favor of arbitration. In addition to those arguments asserted by Household in favor of arbitration, Daniels states as follows:

**BACKGROUND**

Plaintiff is delinquent on a credit card account issued by Household Bank. The account is governed by a written agreement, as is customary. By virtue of an amendment made to the agreement in 2000, the agreement contains a broad arbitration provision of a type that is

common in the credit card industry. The terms of the agreement are set forth in the Declaration of Cynthia Lewis ("Lewis Decl."), which was submitted as Appendix A to Household's memorandum. The arbitration provision states in relevant part:

> Any claim, dispute, or controversy (whether based upon contract; tort, intentional or otherwise; constitution; statute; common law; or equity and whether pre-existing, present or future), including initial claims, counter-claims, cross-claims and third party claims, arising from or relating to this Agreement or the relationships which result from this Agreement, including the validity or enforceability of this arbitration clause, any part thereof or the entire Agreement ("Claim"), shall be resolved, upon the election of you or us, by binding arbitration pursuant to this arbitration provision and the applicable rules or procedures of the arbitration administrator selected at the time the Claim is filed. The party initiating the arbitration proceeding shall have the right to select one of the following three arbitration administrators: the National Arbitration Forum ("NAF"), the American Arbitration Association ("AAA") or JAMS....
>
> Any participatory arbitration hearing that you attend will take place in the city nearest to your residence where a federal district court is located or at such other location as agreed by the parties. On any Claim you file, you will pay the first $50 of the filing fee. At your request we will pay the remainder of the filing fee and any administrative or hearing fees charged by the arbitration administrator on any Claim submitted by you in arbitration up to a maximum of $1,500. If you are required to pay any additional fees to the arbitration administrator, we will consider a request by you to pay all or part of the additional fees; however, we shall not be obligated to pay any additional fees unless the arbitrator grants you an award. If the arbitrator grants an award in your favor, we will reimburse you for any additional fees paid or owed by you to the arbitration administrator up to the amount of the fees that would have been charged if the original Claim had been for the amount of the actual award in your favor. The parties shall bear the expense of their respective attorney's fees, except as otherwise provided by law, if a statute gives you the right to recover any of these fees, or the fees paid to the arbitration administrator, these statutory rights shall apply in the arbitration notwithstanding anything to the contrary contained herein. If the arbitrator issues an award in our

>favor you will not be required to reimburse us for any fees we have previously paid to the arbitration administrator or for which we are responsible.
>
>This arbitration agreement is made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16 (the "FAA").
>
>The arbitrator shall apply applicable substantive law consistent with the FAA and provide written reasoned findings of fact and conclusions of law. The arbitrator's award shall not be subject to appeal except as permitted by the FAA. The parties agree that the award shall be kept confidential. Judgment upon the award may be entered in any court having jurisdiction...
>
>No class actions or joinder or consolidation of any Claim with the claim of any other person are permitted in arbitration without the written consent of you and us.
>
>THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

(Lewis Decl. Ex. B.)

Plaintiff, Steven Gold ("plaintiff"), filed his complaint herein on November 12, 2004. The complaint, filed as a putative class action, alleges that Household Bank violated the Massachusetts Consumer Protection Act by failing to transmit Plaintiff's supplementary account information when it transmitted Plaintiff's delinquent account to a third party debt collector. The complaint seeks statutory and actual damages, and attorneys' fees and costs.

In December 2003, Household assigned the plaintiff's account to Daniels, a Boston law firm, for collection of the outstanding debt. (Plaintiff's Complaint ¶ 12). At that time, Daniels

became an agent for Household in resolving the collection matter.  The plaintiff, in his Complaint, asserts claims against Daniels pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., Mass. G.L. c. 93A and Mass. G.L. c. 93 § 49.

There has been no substantive activity to date in the case: neither Household nor Daniels has answered.  Daniels has filed a Demand for Arbitration with the National Arbitration Forum, as set forth in the Arbitration Agreement.

## ARGUMENT

### I. Plaintiff's Claim Is Subject to Binding Arbitration and Must Be Pursued on An Individual Basis

Daniels adopts and incorporates by reference the points and authorities of Household at Sections I and II of its Memorandum of Law.

### II. The Court should Find the Arbitration Provision Applicable to Daniels

The claims against Daniels stem from the underlying contract between Household and the plaintiff.  Daniels, a Boston law firm, represented Household in its debt collection efforts and ensuing litigation.  Daniels merely took over the role of Household in the collection of the plaintiff's outstanding debt.  Accordingly, Daniels has the same right as does Household to demand the plaintiff submit his claims to arbitration.  The language of the agreement so provides.  The pertinent language, applying to Daniels, in the arbitration clause is as follows: "Any claim, dispute, or controversy . . . arising from or relating to this Agreement or the <u>relationships which result from this Agreement</u> . . ."  (emphasis added).  Daniels' involvement in this matter was a "relationship that resulted from the underlying agreement."

Any doubts concerning the scope of arbitrable issues should be resolved in favor of

arbitration.  See Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983).  "An order to arbitrate 'should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'"  Medtronic Ave, Inc. v. Advaced Cardiovascular Sys., Inc., 247 F.3d 44, 55 (3d Cir. 2001) quoting United Steelworkers of America v. Warrior & Gulf Navigation Co., 363 U.S. 574, 582-583 (1960).  Disputes involving claims for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., are amenable to arbitration.  See e.g. Carbajal v. H & R Block Tax Services, Inc., 372 F.3d 903, 905 (7th Cir. 2004).

     A non-signatory may become a party to the arbitration agreement if there is a close relationship between the two entities involved and the claims are "intimately founded in and intertwined with the underlying contract obligations."  See Sunkist Soft Drinks, Inc. v. Sunkist Growers, Inc., 10 F.3d 753, 757 (11th Cir. 1993).  The governing standard for determining the arbitrability of the plaintiff's claims against Daniels is whether the claims have a significant relationship to the credit card agreement with Household.  Long v. Silver et al., 248 F.3d 309, 316-317 (4th Cir. 2001).  Here, there is a very close relationship between the entities because Daniels was the agent for Household in connection with the collection of the plaintiff's debt.  Based on this relationship, Daniels stepped into the shoes of Household regarding its contract with the plaintiff and all of the plaintiff's claims stem from this contract.

     Broadly worded arbitration agreements are afforded a generous reading in favor of arbitration.  MCI Telecommunications Corp. v. Matrix Communications Corp., 135 F.3d 27, 32 (1st Cir. 1998).  In Letizia v. Prudential Bache Securities, Inc., 802 F.2d 1185, 1187 ( 9th Cir. 1986), the court agreed with the majority of circuits in holding that "nonsignatories of arbitration

agreements may be bound by the agreement under ordinary contract and agency principles." Id. (citations omitted). Similarly, this Court has held that it is appropriate to compel arbitration of non-signatories under a broad arbitration clause when the claims against the signatory defendant are "inextricably intertwined" with the claims against the other defendants. Myrick v. GTE Main Street, Inc. et al., 73 F. Supp. 2d 94, 97 (D. Mass. 1999); see also Paul Revere Variable Annuity Ins. Co. et al. v. Thomas et al., 66 F. Supp. 2d 217, 225 (D. Mass. 1999). Cf. McCarthy v. Azure, 22 F.3d 351, 358 (1st Cir. 1994) (arbitration clause portrayed an intention to be read narrowly and not include employees or agents of the signatory).

### III.  The Court Should Stay The Claims Against Daniels During Arbitration

#### A.  The Court Should Order A Mandatory Stay Of The Plaintiff's Claims

Since the plaintiff's claims against both Household and Daniels must be arbitrated, the Court should order a mandatory stay of the litigation of these claims. Pursuant to section 3 of the Federal Arbitration Act, 9 U.S.C. § 3, in any suit brought in federal court "upon any issue referable to arbitration under an agreement in writing for such arbitration, the court . . . shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." (emphasis supplied). That Daniels is a non-signatory to this agreement does not preclude it from being issued a mandatory stay under section 3. See Waste Mgmt., Inc. v. Residuos Indus. Multiquim, 372 F.3d 339, 342 (5th Cir. 2004).

In determining whether the claims against a non-signatory were referable to arbitration and requiring a stay under section 3, the Court of Appeals in Waste Management delineated the following factors: "1) the arbitrated and litigated disputes must involve the same operative facts; 2) the claims asserted in the arbitration and litigation must be 'inherently inseparable;' and

3) the litigation must have a 'critical impact' on the arbitration." Waste Mgmt, 372 F.3d at 343.

The factors are satisfied here, subjecting the dispute between the plaintiff and Daniels to a mandatory stay in favor of arbitration on the same basis that the claims against Household must be stayed pending arbitration. The facts asserted against Household are the same as those asserted against Daniels. The claims are "inherently inseparable" because Daniels took over the role of Household in the collection of the plaintiff's debt and any litigation between the plaintiff and Daniels would have a "critical impact" on the arbitration between Household and the plaintiff.

### B. If The Court Deems A Mandatory Stay Inappropriate, It Should Order A Discretionary Stay

Even if the Court determines that Daniels is not entitled to a mandatory stay, the Court should enter a discretionary stay with respect to the plaintiff's claims against Daniels. Landis v. North Am. Co., 299 U.S. 248, 254 (1936). In the cases where courts have not issued a mandatory stay, they still noted that the District Court had the inherent authority to issue a discretionary stay. See e.g., AgGrow Oils, LLC v. Nat'l Union Fire Ins. Co., 242 F.3d 777, 783 (8th Cir. 2001); Nederlandse Erts-Tankersmaatschappij, N.V. v. Isbrandtsen Co., 339 F.2d 440, 441 (2d Cir. 1964); IDS Life Ins. Co. v. SunAmerica, Inc., 103 F.3d 524, 529-530 (7th Cir. 1996).[1] A discretionary stay of the plaintiff's claims while this matter is in arbitration is appropriate to avoid inconsistent results, avoid waste and allow all disputes to be resolved in one

---

[1] These cases where a mandatory stay was not issued have not discussed in any great detail their reasons for not issuing a mandatory stay, and the cases reaching the opposite result are more persuasive. And, even where a mandatory stay did not issue, the court exercised a discretionary stay. Under either paradigm, the litigation should be stayed and the parties ordered to arbitration.

forum. _____

## CONCLUSION

Based on the foregoing, the Court should issue an order staying all of the plaintiff's claims against Daniels and requiring the plaintiff to proceed with arbitration instead of litigation.

                          Respectfully submitted
                          DANIELS LAW OFFICES, P.C.
                          By its attorneys,

                          /s/ Joseph S. Berman
                          _____
                          Joseph S. Berman, BBO No. 566006
                          BERMAN & DOWELL
                          210 Commercial Street
                          Boston, MA 02109
                          (617) 723-9911

## CERTIFICATE OF SERVICE

I hereby certify that on this 31st day of January, 2005, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following, to: Philip J. Hendel, Esq., Hendel & Collins, P.C., 101 State Street, Springfield, MA 01103; Stephen F. Gordon, Esq., Gordon Haley LLP, 101 Federal Street, Boston, MA 02110; Christopher R. Lipsett, Esq. Wilmer Cutler Pickering Hale and Dorr LLP, 399 Park Avenue, New York, NY 10022, and Gabrielle Wolohojian, Esq., Wilmer Cutler Pickering Hale and Dorr LLP, 60 State Street, Boston, MA 02109.

                          /s/ Joseph S. Berman

                          Joseph S. Berman